TUCKER, Judge.
This is a suit by Food Credit, Inc., a Louisiana corporation domiciled in Jefferson Parish, as a holder in due course of two notes, payable on demand, dated January 24, 1963, and executed by defendant Kenneth Conway, an officer and employee of Blue Ribbon Food Service, Inc., and at the outset delivered by him to Blue Ribbon, subsequently purchased by plaintiff corporation. The first promissory note was in the principal amount of $1,866.67 and represented drawings on Blue Ribbon by the defendant in excess of his earnings and commissions during the year of 1962. The second promissory note in the principal amount of $2,000.00 represented any future overdrafts which defendant might make against Blue Ribbon during the year of 1963. Plaintiff is suing for the face value of the notes, plus legal interest from the date of written demand on January 3, 1964, until paid, and 20% attorney fees and costs.
The minutes of a meeting of the Board of Directors and Shareholders of Blue Ribbon Food Service, Inc., held on the same date on which the two notes in question were executed, January 24, 1963, reveal that the notes were “payable on demand and not later than one (1) year from this date.” Although a blank was left for the signature of the secretary of the corporation, the minutes were never signed.
Suit was brought by plaintiff on these notes on June 7, 1968. Defendant interposed a plea of prescription which was referred to the merits. At the trial on the merits May 6, 1971, the trial judge held that five years’ prescription had run on both notes and dismissed plaintiff’s suit.
Plaintiff appeals from this judgment alleging that the trial court failed to find that the second note for $2,000.00 was in fact given in pledge to secure the payment of money to be loaned in the future to defendant, and as a pledge constituted a constant interruption of prescription on the note. Plaintiff-appellant also alleged error by the trial court in failing to find a modification of the demand notes by oral agree *614 ment, making them payable a year from the date of the notes, as revealed in the minutes of the meeting of the Board of Directors and the Shareholders of Blue Ribbon held January 24, 1963. Additional error is urged by the appellant in the trial court’s failure to find that the many oral promises to pay made by defendant constituted an interruption of prescription.
The minutes of the meeting of the Board of Directors and Shareholders of Blue Ribbon Food Service, Inc., allegedly held on January 24, 1963, were never signed or authenticated in any way and cannot be held to constitute written proof of the alteration of the clear terms of the two notes signed by defendant on January 24, 1963. Although Robert Slocum, an accountant, acknowledged being present at such a meeting as described above and acknowledged the minutes of the January meeting filed in the record of this case as read to him by the attorney, Mr. A. J. Spe-dale, as true and correct, “To the best of my recollection,” (Tr. 61), he also seemed uncertain in his memory of the details of the meeting which had occurred eight years prior to the time of the trial (Tr. 64-65) (68-70). The defendant, too, indicated some discrepancy in the exact details of the minutes. (Tr. 45, 54-56.) Although Mr. Loeher, President of Blue Ribbon and of Food Credit, acknowledged the January 24, 1963, minutes read to him by Mr. Spedale, as true and correct (Tr. 74), there is too much conflict in the testimony of the witnesses regarding the minutes of the January 24, 1963 meeting to permit their testimony under oath to authenticate the proffered minutes.
Although defendant denied in his original pleadings that the two notes in question were acquired by plaintiff as a holder in due course, for valid consideration, in accordance with the terms of L.R. S. 7:52, he offered no evidence at the time of trial to substantiate this pleading. Plaintiff’s allegation of having acquired these notes, although unendorsed and apparently unnegotiated, as a holder in due course for valuable consideration (Tr. 5), will be upheld as substantiated at the time of the trial by the uncontradicted testimony of Mr. Donald A. Loeher, the sole owner of the stock of the plaintiff corporation, as well as of Blue Ribbon Food Service, Inc., who testified that he “took over” the assets and liabilities of Blue Ribbon, including the two notes in question, by an act of sale (Tr. 72-73). The two notes will be considered by this court as promissory notes, payable on demand, and acquired by plaintiff corporation as a holder in due course, for valuable consideration. As a holder in due course of the two notes in question, plaintiff-appellant cannot be heard to use the minutes of the January 24, 1963, Board meeting of Blue Ribbon, to vary defendants’ notes. Any modification of the notes, even if the minutes of the Board meeting should have been adjudged to have been authenticated, would have been a matter between Blue Ribbon Food Service, Inc., and the defendant. Plaintiff corporation certainly was not privy to any modifications of terms between the aforementioned two parties and can claim herein only as a holder in due course of notes regular on their faces.
Furthermore the two notes being sued upon in this action had clearly prescribed under Civil Code Article 3540 which provides that actions “. on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable.” The notes were dated January 24, 1963, and suit was not brought on them until June 7, 1968, more than five years after their date. The notes had prescribed.
Although plaintiff alleges the interruption of the running of prescription by numerous oral promises to pay made by defendant, he gives no specific details of any of these demands and interruptions and no supporting evidence or testimony. Defend *615 ant denies them; and plaintiff cannot be found to have carried its burden of proving them by a preponderance of the evidence.
For the first time in this case the plaintiff has alleged in his appellate brief that the second note signed by defendant for $2,000.00 actually was given in pledge for future loans by Blue Ribbon, and that this pledge constituted a permanent interruption to prescription on the note. Although the Court of Appeal may give such judgment as is justified by the record, LSA-C.C.P. 2164, this court fails to find sufficient evidence in the record of this case to substantiate plaintiff’s latter-day claim that defendant’s note for $2,000.00 was in truth a pledge. The alleged minutes of the January 24, 1963 Board meeting of Blue Ribbon, cannot be used to substantiate this allegation for the reason of lack of authentication as set forth above. There is nothing else in the record to show that it was the intention of the parties involved to consider the $2,000.00 note as a pledge. Nor does logic bear this out, particularly in the view of the allegation that defendant actually drew $4,634.04.
To consider defendant’s $2,000.00 note as a pledge at this point would do violence to the nature of the pleadings in which plaintiff originally sued as a holder in due course, and would cause an instant dismissal of the suit due to lack of proper parties to it. If defendant made any pledge, it was certainly to the Blue Ribbon Food Service, Inc., and not to Food Credit, the present plaintiff. Nowhere in the record is there any evidence of any obligation by defendant to Food Credit, Inc. Plaintiff’s only claim against defendant is as a holder in due course of a note signed by him, regular on its face, and that note has prescribed as set forth supra.
The judgment of the lower court dismissing plaintiff’s suit on both notes sued upon will be affirmed at appellant’s cost.
Judgment affirmed.